# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| REGINALD DOSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:13-cv-00176-JMS-WGH |
| | ) | |
| RICHARD BROWN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Reginald Doss for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 12-07-0059. For the reasons explained in this Entry, Doss's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

B.  The Disciplinary Proceeding

On July 11, 2012, Officer S. Myers wrote a Report of Conduct in case WVD 12-07-0059 charging Doss with possession of a controlled substance. The Report of Conduct states:

> On 07/11/2012 at approximately 11:05 AM, I C/O S. Myers conducted a shakedown of cell #315 in LHU. Offender Reginald Doss DOC #881180 and offender Dortese Dixon DOC #972685 are assigned to cell #315 in LHU. Both offenders were absent from cell #315, I C/O S. Myers was doing walk through inspections of random bottom large cells. As I searched cell #315 in LHU I found a white powder substance inside a[n] unmarked white bottle sitting on the right shelf in cell #315 on bottom. The unknown powder was taken to Internal Affairs by myself. Internal Affairs administered drug tests, the substance tested positive for Opium Alkaloid weighing 26.7 grams. Offender Doss admitted the right cell shelf was his where the substance was found. Offender Dixon said he wasn't going to say a word to whom [the] substance belonged to.

Doss received notice of the charge on July 16, 2012, when he was provided a copy of the Report of Conduct and the Notice of Disciplinary Hearing (screening report). Doss was notified of his rights. He pled not guilty and did not request any witnesses. Doss requested that the substance be sent to an outside lab for testing, but this request was denied due to the length of time for test results to be returned and the cost. Doss waived his right to twenty-four-hour prior notice of the hearing.

On July 18, 2012, a hearing officer conducted a disciplinary hearing and found Doss guilty of the charge. The hearing officer considered staff reports, Doss's statement, and physical evidence including the confiscation report and field test results. Based on the hearing officer's recommendations, the following sanctions were approved: a written reprimand, a one-month loss of telephone privileges, three months of disciplinary segregation, a ninety (90) day deprivation of earned credit time and a demotion from Credit Class 1 to Credit Class 2 which was suspended. The hearing officer imposed the sanctions because of the seriousness and nature of the offense, the degree to which the offense endangered the security of the facility, and the likelihood of the

sanction having a corrective effect on the offender's future behavior.

Doss appealed to the Facility Head on July 30, 2012. The Facility Head denied the appeal on September 5, 2012. Doss's appeal to the Final Reviewing Authority was denied on March 8, 2013.

**C. Analysis**

In his petition for a writ of habeas corpus, Doss argues that the evidence was insufficient to find him guilty because there was no evidence that the powder at issue was a controlled substance and that the denial of his request for outside lab testing violated his due process rights. Doss then argues in his reply in support of his petition for a writ of habeas corpus that he verbally requested a witness and that the hearing officer was not impartial.

1. *Sufficiency of the Evidence*

Doss first argues that the evidence was insufficient to find him guilty. Due process requires only that a disciplinary finding be based on "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The "some evidence" test is satisfied by "any evidence in the record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists; even if the circumstantial evidence is "meager," *Hill,* 472 U.S. at 455-57; and even if the record evidence is in conflict. *In re Powell*, 755 P.2d 881 (1988).

The record contains "some evidence" to support the hearing officer's finding that Doss was guilty of possession of a controlled substance. A conduct report alone may suffice as "some evidence." *McPherson*, 188 F.3d at 786. Here, the Report of Conduct stated in part: "Internal Affairs administered drug tests, the substance tested positive for Opium Alkaloid weighing 26.7

grams." This evidence satisfies the "some evidence" standard to support the disciplinary finding.

2. *Request for Outside Lab Testing*

Doss also claims that he was denied due process because his request for outside lab testing of the substance was denied. But there is no evidence that the testing of the substance by Internal Affairs was inaccurate. Without such indication of inaccuracy, there is no reason to find that the test fails to qualify as "some evidence." *See Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Further, due process does not entitle an inmate charged with a disciplinary offense to the creation of evidence, only to the production of relevant evidence. *See Freitas v. Auger,* 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use).

3. *Request for Witness Testimony*

Doss argues for the first time in his reply that he verbally requested that his supervisor at his kitchen job, Ms. Franklin, be called as a witness. He states that Ms. Franklin would have testified that the substance at issue was baking soda.

First, it appears from a review of the record that Doss did not raise this claim in his administrative appeals and therefore has defaulted on this claim. *See Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002). ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ."). Further, even if he had raised this claim on appeal, he has not shown that his due process rights were violated by any alleged denial of witnesses. A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but he cannot

delay in requesting such evidence. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). Here, the screening report, signed by Doss, indicates that he did not request any witnesses at the time of screening. Even if he did timely request a witness, the denial of that witness does not rise to the level of a due process violation. A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). The denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Piggie,* 342 F.3d at 666. Here, while Doss asserts that Ms. Franklin would have testified that the substance at issue was baking soda, he provides no support, other than his bare assertion, that this would have been her testimony. Doss therefore has not shown that his due process rights were violated by the alleged denial of this witness testimony.

    4. *Impartial Tribunal*

Doss also argues for the first time in his reply that the hearing officer was not impartial because he was a correctional officer. While it is certainly true that unremitting tension exists between guards and inmates, who are forced to co-exist "in a closed, tightly controlled

environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," *Wolff,* 418 U.S. at 561-62, this environment does not poison every measure taken by prison authorities to enforce rules of behavior. On the contrary, a board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *See McPherson*, 188 F.3d at 787 ("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Doss has not shown here that he was denied a hearing by an impartial tribunal.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Doss to the relief he seeks. Accordingly, Doss's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/17/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Reginald Doss
DOC #881180
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel